UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSEPH DARRYL GAINES       ]
    Petitioner,            ]
                           ]
v.                         ]        No. 3:07-0943
                           ]        Judge Trauger
CHERRY LINDAMOOD, WARDEN   ]
    Respondent.            ]

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the South Central Correctional Center in Clifton, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Cherry Lindamood, Warden of the facility, seeking a writ of habeas corpus.

On July 11, 2001, the petitioner pled guilty in Davidson County to two counts of raping a child. For these crimes, he received concurrent sentences of eighteen (18) years in prison. Docket Entry No. 8; Addenda Nos. 1 and 2. Having pled guilty, no direct appeal of the convictions was taken.

On August 22, 2007, the petitioner filed the instant petition (Docket Entry No. 1) for federal habeas corpus relief.[1] The petition contains three claims that bring into question the legality of petitioner's convictions. These claims include (1) the petitioner was twice convicted of the same

---

[1] The petition was signed by the petitioner on August 21, 2007. In a letter (Docket Entry No. 6) to the Court, however, the petitioner acknowledges that the petition was not sent until the next day. Houston v. Lack, 108 S.Ct. 2379 (1988)(a prisoner pleading is considered filed on the date that it is given to a prison official for posting).

1

crime in violation of the prohibition against double jeopardy; (2) the petitioner's guilty pleas were not knowingly given; and (3) the petitioner was denied the effective assistance of counsel.[2]

Upon review of the petition, it appeared that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 2) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently before the Court are the petition, respondent's motion to dismiss the petition (Docket Entry No. 7) and the expanded record. Upon consideration of these pleadings and the record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

In April, 1996, the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996), was signed into law. This legislation made various changes to 28 U.S.C. § 2254 and other federal habeas corpus statutes. Among those changes was the addition of a one year period of limitation placed on the filing of § 2254 petitions. Thus, a prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[3]

---

[2] The petitioner was represented by Michael Colavecchio, a member of the Davidson County Bar.

[3] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

2

The petitioner pled guilty and was sentenced on July 11, 2001. No direct appeal of the convictions was taken. The time for filing a direct appeal expired thirty (30) days after the petitioner was sentenced, Rule 4(a), Tenn. R. App. P., making his convictions final on August 10, 2001. State v.Green, 106 S.W.3d 646, 650 (Tenn. 2003). Consequently, the petitioner had one year from this date, or until August 10, 2002, in which to initiate the instant action.

The habeas corpus petition (Docket Entry No. 1) initiating this action was filed on August 22, 2007, more than five years beyond the expiration of the limitation period. Therefore, this action is untimely. It must be noted, however, that the limitation period is tolled during the time that a properly filed application for post-conviction relief is pending in the state courts. 28 U.S.C. § 2244(d)(2). Here, the petitioner filed a petition for state habeas corpus relief in August, 2003, and again in May, 2005. Docket Entry No. 8; Addenda Nos. 3 and 4. Because these filings were made after the one year limitation period had already expired, they had no tolling effect on the limitation period.

The period of limitation, though, does not act as a jurisdictional bar. Consequently, the one year limitation period is subject to equitable tolling. Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001). The petitioner bears the burden of persuading the Court that he is entitled to equitable tolling of the limitation period. McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003). Having failed to offer a response to the motion to dismiss, the petitioner has made no effort to either dispute the petitioner's calculation of untimeliness or offer any allegations in support of an equitable tolling of the limitation period. Accordingly, the limitation period that had already expired prior to the filing of this action is not subject to equitable tolling.

Having carefully reviewed the pleadings and the record, the Court finds that this action is

3

untimely. Therefore, respondent's motion to dismiss has merit and will be granted. Rule 8(a), Rules -

- § 2254 Cases.

    An appropriate order will be entered.

 

_____
Aleta A. Trauger
United States District Judge

4